THE STATE, EDMUND C. BRAMHALL, PROSECUTOR, v. THE MAYOR, &c., OF THE CITY OF BAYONNE.

Where a commissioner to make assessments in certain cases has been appointed under the fifty-second section of the charter of the city of Bayonne, it must be shown that he was possessed of all the qualifications required by said charter.

On *certiorari* to set aside proceedings of commissioners, &c.

Argued before Justice BEDLE, DALRIMPLE, and DEPUE.

For prosecutor, *A. T. McGill.*

For defendant, *L. Abbett.*

State, Bramhall, pros., v. Mayor of Bayonne.

The opinion of the court was delivered by

DALRIMPLE, J.   This *certiorari* removes the final assessment for expenses of improvement in opening Thirty-seventh street, from Avenue A to Avenue E, in the city of Bayonne. Several objections are taken to the proceedings, which cannot be considered, because not alleged in the reasons filed.   By a supplement to the charter of said city, approved April 1st, 1869, (*Laws of* 1869, *p.* 1211,) it is enacted that no ordinance, assessment, or proceeding of the council shall be set aside on *certiorari* by reason of the return to said *certiorari* failing to show that all the requirements of the city charter have been complied with, but after filing of the reasons by the prosecutor in *certiorari*, the clerk of said city may make a further return to said writ, stating such additional facts as he may be advised are proper and necessary to state in answer to any of said reasons ; and said city may take proofs with reference to said facts, and if the same are established to the satisfaction of the court, then the court shall affirm the proceeding in question the same as if such facts had properly appeared in the minutes, records, and proceedings of said council.   As to the absence of all facts necessary to show that the proceedings brought up have been regular, it is enough to say that, unless objections for want thereof have been specifically alleged in the reasons, they cannot avail the prosecutor.   It may be that if the defendants had been advised of the objections, they could have cured the defect by an amended return or parol proof.

The first objection which I shall notice is, that the commissioners adopted an erroneous principle of assessment, in that they assessed all lands as benefited which lie fronting on the improvement, to the depth of one hundred feet only.   The report of the commissioners is substantially in the words of the charter, that they have assessed each parcel its proportion of expense in proportion to the benefits received by it from the improvement.   All the evidence we have on this point shows that the lots fronting on the street are not benefited to the depth of more than one hundred feet, and that an assess-

ment was made on all lands which, in the opinion of the commissioners, were benefited. Though, on examination of the assessment map, it might appear that there may, perhaps, be some inequalities in the assessment, yet as this is a mere question of fact, and it does not appear that any erroneous principle of assessment was adopted, I do not think that enough is shown to warrant us in disturbing the proceedings on this ground. The apportionment of the expenses among the land-owners benefited, is a matter peculiarly within the province of the commissioners. This court should not, upon *certiorari*, interfere with their judgments, unless the adoption of some erroneous principle, or fraud, mistake, or partiality is clearly shown. If it had appeared that the commissioners had arbitrarily assessed each lot on the line of the street to the depth of one hundred feet, and then stopped, without making further inquiry as to what other lands, if any, were benefited, the result would have been different. The assessment is required by the charter to be made on all lands benefited in proportion to the benefits received. We cannot say that in this case it has not, either through the mistake of law, or fact, or partiality, or fraud of the commissioners, been so made.

It is next objected that one of the commissioners was not sworn before the proper officer. The oath is required by the charter to be taken before the mayor or city clerk, or some other person authorized to administer oaths. The oath was administered by the city clerk, *pro tem.* No such officer is known to the law. One who was acting for the time-being, in place of the city clerk, could not administer an official oath, and the commissioner was not properly sworn into office, and could not legally discharge the duties thereof. Besides, it nowhere appears that the commissioner thus defectively qualified, was a discreet and impartial freeholder, as required by the city charter. The most that appears is, that he is a freeholder, and resident of the city. The fifty-second section of the charter (*Laws of* 1869, *p.* 393,) requires the councilmen to appoint three persons commissioners, who shall

be residents of different wards, and freeholders of said city, to be called Commissioners of Assessments for Street Improvements, who shall be appointed annually for one year; and in case any one of the board shall be interested in any assessment or improvement, then the council shall appoint some discreet and impartial freeholder or freeholders residing in said city, to serve with said board of commissioners and assessments, in lieu of the commissioner or commissioners so interested. In the cases of *The State* v. *Jersey City*, 1 *Dutcher* 313, and *The State* v. *Newark, Ib.* 413, it is held that when a city charter requires commissioners of certain qualifications to be appointed, it must appear on the face of the proceedings that they were possessed of such qualifications. The prosecutor was one of the board of commissioners, and interested in the assessment. One of the commissioners who made the assessment brought up, was appointed in place of prosecutor, but he is not shown to have possessed the qualifications, nor to have taken the oath required by the charter. His acts were therefore illegal, and the assessment must be set aside.

CITED *in State, Graham, pros.,* v. *Paterson,* 8 *Vr.* 382; *State, Spear, pros.,* v. *Perth Amboy,* 9 *Vr.* 429; *State, Van Solingen, pros.,* v. *Harrison,* 10 *Vr.* 54.